### KISER *v.* THE STATE.

1. After a given section of the code has been amended, a subsequent section which by its language and subject-matter forms a context thereto, is generally to be interpreted as though the amended section had originally read as it does after being modified by the amendment. But if a part of such subsequent section, by reason of its peculiar phraseology, cannot be accommodated by construction to the new reading of the amended section without a violent strain upon the words, then such part is to be regarded as retaining its original sense and as unaltered by the amendment. Thus, section 4437 of the code having been amended by the act of 1875 by striking out the word "chartered" so as to make intrusion upon the constructed track of any railroad company of this State a misdemeanor, that part of the following section which makes it a felony wilfully and maliciously to destroy, injure, etc., any vehicle, edifice, right or privilege granted by charter, and constructed for use under authority thereof," is unaffected by the amendment, inasmuch as the phraseology covers only such vehicles and edifices as have been constructed for use under the authority of a charter.

2. It follows from the foregoing that an indictment for felony which charges the accused with wilfully and maliciously injuring and damaging a car by shooting leaden balls into the same, the car forming at the time a part of a moving train upon a named railroad and being the property of a named railroad company, but does not allege that the company was chartered or had any chartered rights or privileges, or that the car was constructed for use under any charter, is fatally defective as an indictment based on said section 4438 of the code. The motion in arrest of judgment should have been sustained.                *Judgment reversed.*
June 8, 1892.

89   421
d123 500

Criminal law. Indictment. Statute. Before Judge
MILNER. Dade superior court. September term, 1891.

The indictment charged David Kiser " with the offence
of felony, for that the said David Kiser . . did . .
wilfully and maliciously injure and damage a certain
railroad car commonly called a caboose, the same being
then and there attached to and part of a moving train
of cars on the Alabama Great Southern Railroad in said
county, by then and there shooting leaden balls into
said railroad car, by and with a certain gun loaded with
gunpowder and leaden balls, to the injury and damage
of the Alabama Great Southern Railroad Company, said
car being the property of the said company and of
the value of five hundred dollars." The defendant was
convicted and sentenced to the penitentiary for four
years. To the overruling of his motion in arrest of judg-
ment he excepted. The grounds of the motion are,
(1) that there is no crime charged against him under
the laws of this State; and (2) that there is no allega-
tion in the indictment that the railroad was the road
of any chartered company. He insisted that the only
charge set out in the indictment was a charge of ma-
licious mischief, and subjected him only to a sentence
as for a misdemeanor.

R. J. & J. McCAMY and B. T. BROCK, for plaintiff in
error.

A. W. FITE, solicitor-general, *contra.*