## ARRENDALE *v.* DOCKINS.

1. The court did not err in overruling the general demurrer to the petition which sought to enforce specific performance of a contract of purchase of land which was identified in the writing and by amendment of the petition fully and specifically described.

2. The defendant, after bidding off certain numbered lots at an auction sale, on the same day executed and delivered to petitioner's agent a writing describing the land purchased as "part of lots 120 and 105 in second land district of Rabun County, Ga., in two tracts, as follows: Tract No. 15, consisting of 30.27 acres, at $97.50 per acre, the total amounting to $2951.32. Tract No. 16, consisting of 16.24 acres, at $170.00 per acre, the total amounting to $2760.80. In part of lots 120, 105, 104, and 93 in said district. Tract No. 17, consisting of 128 acres, at $87.50 per acre, the total amounting to $11,200.00. In part of lot No. 105, tract No. 18, consisting of 40 acres, at $18.00 per acre, total amounting to $720.00." It is stated that Arrendale purchased the land "at J. B. Dockins sale on October 14, 1924," and that Arrendale had given checks in payment of one third of the purchase-price, and he agreed to make notes for the deferred payments, with interest at eight per cent., to become due four years after date. The purchaser also signed and delivered five identical auction tickets, which were "okayed" and signed by the owner in token of his acceptance of the bid, and were dated October 14, 1924; and the purchaser stated therein: "I have this day purchased tract No. 15 in block—— the same being the property of J. B. Dockins, for which I agree to pay $97.50 per acre on terms of 1-3 cash and the balance in 4 yrs. at 8%." Construed with the allegations of the petition that the corners and boundaries of each of the several lots were marked with stakes in accordance with a survey and plat, that the sales were had upon the lots as each was sold, and that the purchaser had in his hands a map or plat of the lots exhibiting each of the lots as marked by stakes for comparison, the description in the two writings is sufficiently full to be applied to the subject-matter by the aid of aliunde proof.

No. 5912.          FEBRUARY 27, 1928.

Equitable petition. Before Judge Sutton. Rabun superior court. February 12, 1927.

Dockins brought a suit against Arrendale, alleging that prior to October 14, 1924, petitioner owned and possessed a body of

---

Specific Performance, 36 Cyc. p. 591, n. 83; p. 776, n. 64.

land comprising parts of lots numbers 93, 104, 105, and 120 in the second land district of Rabun County, and being then in his possession. Desiring to dispose of said land at public auction, he caused it to be surveyed and subdivided into various smaller tracts, and caused a plat of it to be made, showing said subdivision and the different smaller tracts into which the land was subdivided. A copy of this plat is attached to his petition. He employed the Atlanta Auction Company as his selling agent, which extensively advertised said lands to be sold on October 14, 1924, and on that date and on the premises said agent offered said land for sale at public outcry. Tract number 15, as shown on said plat, containing 30.27 acres, was bid off by T. A. Arrendale at $97.50 per acre, or a total of $2951.32. In pursuance of his purchase of tract number 15, defendant delivered to petitioner his check on the Bank of Clayton for $983.78, being the cash payment provided in the terms of sale and in the contract entered into by him. His bid was accepted by the petitioner. Defendant signed and executed a memorandum or contract of sale, whereby he bound and obligated himself to pay the sum of $97.50 per acre for said tract of land. This contract is as follows:

"Oct. 14, 1924. I have this day purchased tract No. 15 in Block——— the same being the property of J. B. Dockins, for which I agree to pay $97.50 per acre on terms of 1-3 cash and the balance in 4 yrs. at 8%. I further agree that I will make settlement promptly following sale, at whatever place designated by the owner or seller of this property, following the terms of this contract; and should I fail to do so, I recognize this contract as binding as any promise to pay, and, if same is collected by law, agree to pay 10% attorney's fees on the amount shown in face of contract or balance due on same. Purchaser: T. A. Arrendale. O. K. J. B. Dockins, owner."

It is alleged that petitioner requested defendant to execute notes for the deferred payments, as provided in said contract, but defendant refused to do so. He refused to accept tendered bonds for titles to said several tracts, refused to take possession of the land, has undertaken to repudiate the contracts, and avowed his intention of not complying with them. Petitioner has been compelled to retain possession of the land, which he holds for the benefit of defendant, and he offers to account for the rents and profits thereof.

The petitioner prayed: (1) Specific performance of the several contracts, and that the defendant be required to execute and deliver to petitioner his promissory notes dated October 14, 1924, and due four years after date, with interest at eight per cent. per annum, for the remainder of the purchase-money for each of tracts number 15, 16, 17, and 18. (2) If for any reason specific performance can not be decreed, then judgment is asked against the defendant for damages in the sum of $11,000. (3) Judgment against defendant for $6317.12, besides ten per cent. as attorney's fees, on said contracts and four checks, this judgment to be general against the defendant and special against the property.

The defendant demurred; and the plaintiff amended so as to allege, as to each of tracts numbers 15, 16, 17, and 18, that at the time the same was purchased by the defendant the tract had been surveyed and had corners put up and placed thereon, the locations of which corners were well known to defendant and plaintiff before the making of the agreement set out in the original petition. The amendment specifically set forth the description of tract number 15, as follows: "Beginning at a stake corner on the Tennessee River with land of J. A. Tanner, which stake corner was put up and placed upon said line at and before the execution of the agreement referred to in plaintiff's petition, and was in contemplation by the parties at the time of said contract as the beginning corner, and running thence south 3 east 817 feet along a line between said lot herein referred to and the land of said J. A. Tanner to a stake corner between said lands; thence south 15 west 378 feet to another corner; thence south 7 east 250 feet to a corner; thence south 59-30 east 330 feet to a stake; thence south 1 east 750 feet to a stake; thence north 79 west 740 feet to a stake; thence north 3 west 2280 feet to the Tennessee River; thence down the river north 77-30 east 330 feet to a point on the bank of said river; thence south 81 east 110 feet along the river to another point on the bank of said river; thence south 68 east 210 feet to the beginning corner, containing within said boundaries 30.27 acres, and the lines as indicated by exhibit 'A' to the original petition have the courses and distances herein set forth." Tracts 16, 17, and 18 are similarly specifically described by the statement of the courses and distances of each boundary line. The plaintiff by way of amendment further alleged, that at and before each of the

tracts of land were bought, corners had been placed indicating clearly the defined lines, which were the same lines marked off and laid out on the blueprint map, or plat attached at the petition, and the lines on said plat have the degrees, variations, and lengths as indicated in the description of each tract hereinbefore set forth; and the tracts of land were purchased by the defendant with full knowledge upon his part that the lines were so marked, the courses so established, and after he had inspected the same; that the Tennessee river forms the northern boundary of all the land herein described, and each tract of land referred to in the petition is south of said river; that the defendant had in his hand, at the time of his several bids, the plat or blueprint heretofore referred to, examined the plat before he bid off any of the property, and at the time of his several bids he was actually on the premises and made his several bids with reference to the plat after having compared the same with the land for which he was bidding; that the tract sold on October 14, 1924, was the only land which was owned by the petitioner in Rabun County, Georgia, that had been designated by tracts as numbers 15, 16, 17, and 18, and there are no other lands in Rabun County to which this description could be applied; and said tracts are fully described by metes and bounds in the amendment heretofore filed. After the allowance of the amendments the defendant renewed his demurrer upon various general and special grounds, which, so far as they affect the material issues, appear in the opinion. The plaintiff having waived any right to collect attorney's fees, the demurrers were overruled, except as to one, paragraph 2 of the amendment. The defendant excepted.

*McMillan & Erwin* and *Dean & Wright*, for plaintiff in error.
*T. L. Bynum, J. F. Ramey, and A. C. Wheeler,* contra.

RUSSELL, C. J. (After stating the foregoing facts.)

1. The controlling question presented by the demurrer is whether the description of the land alleged to have been bought by Arrendale is sufficient to render the alleged contracts enforceable. The plaintiff in error insists that the writings upon which the plaintiff based his right to specific performance are void by reason of the fact that the description of the land is so vague and indefinite as to amount to practically no description at all. As to defective descriptions of property the sale of which is required by

the statute of frauds to be evidenced by writing, the doctrine embodied in the maxim id certum est quod certum reddi potest seems to have been generally applied by this court since its earliest history. If there is enough in the writing evidencing a sale of land, or the creation of a lien on real or personal property, to afford a key which, aided by extrinsic evidence, will make certain that which is apparently uncertain, then the description of the property is sufficient. *Glover* v. *Newsome,* 132 *Ga.* 797 (3) (65 S. E. 614), citing *Singleton* v. *Close,* 130 *Ga.* 716 (2) (61 S. E. 722). See also *Petretes* v. *Atlanta Loan &c. Co.,* 161 *Ga.* 468 (131 S. E. 510), and cit. In the first contract signed by Arrendale the description must be admitted to be extremely meager. It is no more than "tract No. 15 in block————." This clearly would be an insufficient description to identify the land alleged to have been purchased; but this is not all that is in the contract, for the contract says that Arrendale has this day purchased tract number 15 of J. B. Dockins (it being stated that tract number 15 is the property of J. B. Dockins). In *Nichols* v. *Hampton,* 46 *Ga.* 253 (3) it was held that "A paper, providing for a lien on a 'bay mare,' and showing that the mare was purchased by the mortgagor from the mortgagee, is a sufficient description of the property mortgaged." In delivering the opinion of the court Judge McCay said: "True, the description will apply to any bay mare, but there is another description added, to wit: the bay mare sold by the plaintiff to Johnson." This case was cited as controlling by Mr. Justice Lamar in *Thomas Furniture Co.* v. *T. & C. Furniture Co.,* 120 *Ga.* 879, 881 (48 S. E. 333), in which he said: "Hence the decisions recognize that very meager terms of identification may be sufficient. Upon an analysis of the cases it will be seen that generally the main element of description was to be found in the parol evidence identifying the article as that referred to in the mortgage. The courts lay hold of slight circumstances to supplement the descriptive words." The *Nichols* case was also cited in *Bennett* v. *Green,* 156 *Ga.* 572, 575 (119 S. E. 620), in which Mr. Justice Hines, delivering the opinion of the court, ruled that "The description of property in a deed is sufficiently certain when it shows what property the grantor intended to convey and makes its identification practicable. *Andrews* v. *Murphy,* 12 *Ga.* 431; *Price* v. *Gross,* 148 *Ga.* 137 (96 S. E. 4)." See also *Farkas* v.

*Duncan,* 94 *Ga.* 27 (20 S. E. 267); *Beaty* v. *Sears,* 132 *Ga.* 516 (64 S. E. 321); *Singleton* v. *Close,* supra; *Reeves* v. *Allgood,* 133 *Ga.* 835 (3) (67 S. E. 82); *Napier* v. *Little,* 137 *Ga.* 242 (73 S. E. 3, 38 L. R. A. (N. S.) 91, Ann. Cas. 1913A, 1013).

It would be useless to recapitulate and discuss the many special and general demurrers filed by the able counsel for the plaintiff in error, though in view of the strenuous insistence of counsel upon each and every ground we have carefully considered each and every one of these demurrers. However, being firmly convinced that the description in the two contracts which were contemporaneously entered into supplies a key which authorizes the introduction of extraneous evidence to complete the defective description, we are of the opinion that the lower court did not err in his judgment overruling the demurrers. The court properly sustained the demurrer to so much of the petition as sought to collect attorney's fees, and also paragraph 2 of the amendment of August 1, 1925, relating to the advertisement of the property; and this really left only one question before the court, to wit, whether there was in the written contracts embodied in the pleadings enough to so identify the land which was the subject-matter of the sale and purchase as to permit resort to aliunde proof to perfect a more exact description as a means of enforcing plaintiff's equitable right to specific performance. It is argued that there "is nothing to show in what State, county, district, or land lot out of which tract number 15 in block——— is to be or has been carved," but this court answered a similar argument under the same circumstances in *Valdosta Machinery Co.* v. *Finley,* 164 *Ga.* 706 (139 S. E. 337), adversely to the contention. Moreover, unless this court was wrong in its decisions in *Nichols* v. *Hampton, Thomas Furniture Co.* v. *T. & C. Furniture Co.,* and *Bennett* v. *Green,* supra, the statement in the writing to the effect that tract "number 15 in block ——" had that day "been bid off by Arrendale," amplified by the statement that he was on the ground, that the lot was staked off, and that he had a copy of the plat in his hand at the time he bid, seems to us conclusive that the would-be purchaser knew the precise lot upon which he bid, its precise location, the State and county in which it was situated, and at least its approximate dimensions. The demurrers to the amendment which the plaintiff was allowed to file are strongly urged. It is insisted that there is no refer-

ence in the contract to the plat, and that neither of the two writings which were accepted by Arrendale (and one of them signed by him) refers to the other. Granting that generally a plat may not be admitted to supply descriptive averments in a deed which contains no reference to the plat, and granting that as a general rule distinct negotiations at times different from that at which a defective instrument was written in an effort to comply with the statute of frauds would be inadmissible, the amendments which the court permitted in this case do not fall within the general rule to which we have just referred. The two written memoranda in the instant case were contemporaneous; they refer to the same transaction, and describe the same land, except that one of them refers to portions of certain land lots, while the other has no such reference. In delivering the opinion of this court in *Singleton* v. *Close,* supra, Mr. Justice Evans quoted from Frye on Specific Performance, § 327, the rule that "Where it is necessary to call in extrinsic evidence, the connection of the subject-matter of the contract and the thing in respect of which specific performance is sought must be pleaded, and supported by sufficient evidence," and quoted approvingly the dictum in *Harper* v. *Kellar,* 110 *Ga.* 420 (35 S. E. 667), that this rule is "clearly in consonance with sound law and sound sense." The memoranda show that Arrendale bought the land. By demurrer the allegation that the land described in the amendments was the same land is admitted. In Beckwith *v.* Talbot, 95 U. S. 289 (24 L. ed. 496), the Supreme Court of the United States held: "It is not an absolute rule that collateral papers made by a party, which are adduced in evidence against him to supply the want of his signature to a written agreement, required by the statute of frauds to be 'subscribed by the party chargeable therewith,' should on their face, and without the aid of parol proof, sufficiently demonstrate their reference to such agreement." The argument of Mr. Justice Bradley in this case, that such a construction of the statute of frauds would produce more fraud than it would prevent, is unanswerable. It is quite apparent that if collateral papers may be adduced to supply the want of a signature to a writing required by the statute of frauds, upon the same principle resort may be had to parol evidence to perfect mere description of the property in a writing which has been signed. So we are of the opinion that the court did not err in

overruling the demurrers to the amendments completing the ident-ification of the land referred to in the contract by giving a full description thereof. The demurrer to the portion of the petition referring to the plat was properly overruled, because it alleged that the plaintiff in error had in his hands at the time of his bid a copy of the plat, and by demurrer this is admitted to be true.

*Judgment affirmed. All the Justices concur.*