## WEBB v. UNITED-AMERICAN SODA FOUNTAIN CO.

### No. 6591.

Circuit Court of Appeals, Fifth Circuit.

June 1, 1932.

Stephen C. Upson and Hubert M. Rylee, both of Athens, Ga., for appellant.

Rupert A. Brown, of Athens, Ga., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

A trustee in bankruptcy appeals from a judgment affirming the referee in upholding the retained title of appellee to a soda water outfit sold by appellee to the bankrupt. There is no dispute in the evidence. The contract of purchase is in writing, fully setting forth the price and terms of payment and describing the property, and concludes thus:

"The condition of said purchase being that possession of said property is to remain in me until default in payment, but title to the same shall not pass to me, but until all said notes are paid shall remain in the said United-American Soda Fountain Co.

"[Signed] Gus A. Rocca.

"Witness his hand and seal this 4th day of September, A. D. 1931.

"H. V. Head, Jr.
"[Seal] N. P. State at Large.

"State of Georgia. County of Clarke.

"On this 4th day of September, 1931, before me, H. V. Head, Jr., Notary Public, personally appeared Gus A. Rocca, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

"H. V. Head, Jr.
"[Seal] N. P. State at Large."

The paper was duly recorded September 11, 1931, and before bankruptcy. The trustee contended that in fact the paper was not executed in the presence of the notary, and that a subsequent acknowledgment of such a paper before the notary is not allowable in Georgia, with the consequence that the paper was never properly recorded and was invalid as against the lien of the trustee, which is equal to that of a creditor having judgment under 11 USCA § 75. He proved by the bankrupt and the notary that the bankrupt presented the paper already signed by himself and with the form of acknowledgment on it to the notary, and asked the notary to sign it for him, which the notary undertook to do. A Mr. Megar, who probably represented the appellee, showed him where to sign. There was no ink in his pen, and the notary said he would take it to his office, where he signed it as above set forth after filling out the blanks in the printed form of acknowledgment. The notary had officially

witnessed other papers for Rocca, and they both understood that to be the signing requested. While there is no evidence on the point, the subsequent recording of the paper presumes its due delivery. Allen v. Hughes, 106 Ga. 775, 786, 32 S. E. 927; Central Union Trust Co. v. Appalachian Corp. (D. C.) 300 F. 397, 398.

■ By Georgia Code of 1910, §§ 3318 and 3319, such conditional sales in order to retain title as against third parties are required to be in writing and "executed and attested in the same manner as mortgages on personal property," and "recorded within thirty days from their date, and in other respects shall be governed by the laws relating to the registration of mortgages." A mortgage on personal property by section 3257 must be "executed in the presence of, and attested by, or proved before, a notary public ˣ * * and recorded." Section 3260 postpones a mortgage to all other liens created or obtained or purchases made before its actual record except contract liens or purchases with notice of the mortgage. Acknowledgment was held not to be a proper authentication for record of a conditional sale in Re W. J. Marshall Co. (D. C.) 291 F. 268, but the case was reversed without deciding the point. (C. C. A.) 293 F. 499. In another Georgia case, Re Hammett (D. C.) 286 F. 392, 396, acknowledgment was said always to have been considered a sufficient probate. It is well settled that the recording of an improperly authenticated mortgage is no record, and that such a mortgage is postponed to a judgment lien or the lien of a trustee in bankruptcy. Southern Iron Co. v. Voyles, 138 Ga. 258, 75 S. E. 248, 41 L. R. A. (N. S.) 375, Ann. Cas. 1913D, 369; Central Union Trust Co. v. Appalachian Corp. (D. C.) 300 F. 397, 398.

■ But appellee contends this is changed by an Act approved August 27, 1931, Georgia Laws 1931, p. 153, which provides that mortgages, deeds to secure debts, and bills of sale may be attested, acknowledged, or probated in the same manner as deeds of bargain and sale, and the effect of failing to record such shall be the same as in the case of deeds of bargain and sale. Unrecorded deeds of bargain and sale are not postponed to subsequent judgment liens. Civ. Code, § 4198; Donovan v. Simmons, 96 Ga. 340, 22 S. E. 966. A deed to realty or personalty may either be attested by an officer, or subsequently acknowledged before him with a certificate of the fact entered on it, Civ. Code, section 4202, or may be probated by affidavit of a subscribing witness, section 4205. If, therefore, the paper in question were a mortgage, it would on its face appear to be properly acknowledged under the act of 1931; and, even if its record were invalid, it would still be good against a subsequent judgment or trustee's lien. Conditional sales are not mentioned in the act, yet the natural sense of the Code sections relating to them is that they shall in future be identified with mortgages on personal property in respect to their execution and record, so that changes in the law relating to mortgages would automatically apply to conditional sales. Kiser v. State, 89 Ga. 421, 15 S. E. 495. The reasons for requiring attestation and record are precisely the same for both, and conformity between them at all times rather than diversity would seem reasonably to be the legislative purpose. But the Act of 1881 (Acts 1880–81 p. 143), from which Civ. Code, §§ 3318 and 3319 (reproducing sections 2776 and 2777 of the Civ. Code of 1895), were taken expressly made applicable to conditional sales only the then existing statutes relating to mortgages. Still the Codes of 1895 and 1910 were themselves enacted as statutes, and their provisions have the force of statute law. Central of Ga. R. R. v. State, 104 Ga. 831, 31 S. E. 531, 42 L. R. A. 518. While doubtful or ambiguous language in a Code will not alter the old law, the presumption being that codification and not change was intended, Forsyth Mfg. Co. v. Castlen, 112 Ga. 199, 205, 37 S. E. 485, 81 Am. St. Rep. 28; Mitchell v. Georgia & Alabama R. R., 111 Ga. 760, 768, 36 S. E. 971, 51 L. R. A. 622, nevertheless evidently intentional changes must be given effect. Dale v. State, 88 Ga. 552, 15 S. E. 287; Verdery v. Dotterer, 69 Ga. 194. Whether the Code of 1895 followed by that of 1910 so altered the wording of the act of 1881 as to affect conditional sales by changes in the law as to attestation and record of mortgages, we prefer not to decide in the absence of a ruling by the Georgia courts, because we think the paper validly executed under the former law.

It is likely that the words "Witness his hand and seal this 4th day of September, 1931," were intended to be subscribed by the maker of the instrument rather than by the notary. Their possible effect as an attestation we need not consider, for they are followed by a formal certificate of acknowledgment of execution by the maker which we think is sufficient. Civ. Code, § 3257, provides that a mortgage on personal property must be executed in the presence of and attested by an officer, or must "be proved

before" one. A common method of such proof is by the affidavit of a subscribing witness, but an acknowledgment by the maker was an earlier way, and equally deserves the name of proof. No witness was required to a deed at common law. Downs v. Yonge, 17 Ga. 296. Under the English Enrolling Act of 27 Henry VIII c. 16, the practice was to have the maker acknowledge the instrument before the recording officer. 1 C. J. Acknowledgments, § 2. The earliest recording act in Georgia, March 7, 1755, Cobb's Digest, p. 159, which applied to deeds and mortgages of realty and personalty, made no mention of attestation or acknowledgment. Presumably the English practice of acknowledgment was followed. Later acts found in Cobb's Digest, pp. 164, 167, 169 and 171, expressly permitted proof for record by affidavit of subscribing witnesses and attestation by officers both as to deeds and mortgages, but contained also references to acknowledgment of deeds. Authentication for record of deeds to realty or personalty either by official attestation, by acknowledgment, or by affidavit of a subscribing witness, is recognized now by Civ. Code, §§ 4202, 4205. Civ. Code, § 3264, declares that "the rules prescribed for the probate of deeds to land, where the witnesses are dead, insane, or removed from the State, or to the acknowledgment before or attestation by consuls or commissioners, shall apply to the probate of mortgages." The acknowledgment here referred to as a form of probate is that permitted outside of the state by specific acts, beginning with that of December 22, 1829, Cobb's Digest, p. 173, which applied alike to deeds and mortgages of all property. The special mention of this extraordinary acknowledgment of mortgages implies no denial of the familiar practice of acknowledgment within the state. In the early case of Milligan v. Dickson, Fed. Cas. No. 9603, the Pennsylvania statute having mentioned proof by the attesting witnesses, but not acknowledgment by the maker as the proper mode of authenticating the instrument for record, Justice Washington held that the ancient and familiar method by acknowledgment was not excluded, and this opinion was approved by the Supreme Court of that state. Blythe v. Richards, 10 Serg. & R. (Pa.) 265, 13 Am. Dec. 672; Bowser v. Cravener, 56 Pa. 132. In New York the early statute authorized record of papers duly acknowledged, but said nothing of proof by subscribing witness. Since the latter was a common alternative of authentication in New York and England, it was held to be included in the statute. Van Cortlandt v. Tozer, 17 Wend. (N. Y.) 338, affirmed 20 Wend. 423. In Ballard v. Orr, 105 Ga. 191, 31 S. E. 554, 555, a case concerning the record of a mortgage, Georgia Civ. Code, § 4202, as to attesting or acknowledging deeds, is referred to as pertinent to mortgages and this assertion is made arguendo: "Our system of attesting deeds and other instruments requiring record is the equivalent of an acknowledgment of the execution of such instruments, made by the maker as required by the common law, and practiced in most of the states. Under our statute attestation by one of the officers named * * * dispenses with the necessity of acknowledgment, and acknowledgment in the presence of a proper officer dispenses with the attestation of its execution by an officer." We think the procedure by acknowledgment brought from England to Georgia was supplemented rather than superseded by the early Georgia statutes, and that a correct understanding of the present Code provisions which are based on them is that deeds of realty and personalty may be acknowledged before as well as attested by an officer or proven by the affidavit of a subscribing witness to prepare them for record, and that the same is true irrespective of the act of 1931 of a mortgage, which indeed was originally a deed of conveyance with a condition subsequent.

The conditional sale duly acknowledged was thus on its face entitled to record. The facts testified to did not disprove the certificate of acknowledgment. While the party executing a paper and the officer who certifies respecting it are competent to testify, the courts are slow to accept their testimony to overturn the certificate which they have put forth, and to show that the officer did not do his duty. 1 C. J. Acknowledgments, §§ 275, 282, 285, and 288; Northwestern Mutual Ins. Co. v. Nelson, 103 U. S. 544, 26 L. Ed. 436. That the notary did not see Rocca sign is immaterial. A signature made by another may be adopted by the maker of an instrument. But Rocca testifies that he did sign. He did not formally request an attestation by the notary, or expressly acknowledge a previous execution, but he approached an officer who had acted for him before and presented him with a signed paper bearing on it an already prepared acknowledgment of execution, and asked his signature of the latter, and afterwards accepted it as being what he wished. Without spoken words this conduct could mean nothing else than that Rocca had executed, or was in the act of executing, this

paper for the purposes stated in it, and wished to acknowledge it to the notary that the latter might so certify. Such was Rocca's purpose, and the notary so understood. No fraud was intended, and no mistake was made. The transaction as expressed in the writing stands. American Freehold Land Mtg. Co. v. Thornton, 108 Ala. 258, 19 So. 529, 54 Am. St. Rep. 148.

Judgment affirmed.