*E. Harold Sheals* and *George C. Dean,* contra.

## NATIONAL CASH REGISTER COMPANY *v.* LIPKA.

No. 8858. January 10, 1933.

*Neill & McGee,* for plaintiff. *George C. Palmer,* for defendant.

Russell, C. J. Under the provisions of the Civil Code (1910), § 3318, a unilateral and unaccepted offer to purchase certain personal property, described merely as a generally designated type and style, does not constitute such a contract in writing evidencing the sale of goods that the record thereof would constitute constructive notice to an innocent third person purchasing goods of such general style and quality from the person making the offer. Code § 3318 is as follows: "Whenever personal property is sold and delivered with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase-price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property." It will be noted that the question of the Court of Appeals relates only to "a unilateral and unaccepted offer to purchase," whereas the code section relates to "personal property sold and delivered," etc. This court has so frequently distinguished between a conditional sale and a mere unilateral unaccepted offer to purchase, that citation of authority is deemed unnecessary. As to the quantum of the description necessary in a written instrument purporting to reserve title to the vendor, the general rule seems to be that resort may be had to parol evidence in aid of a meager written description, if there is anything in the writing, when explained by parol, to identify the subject-matter of the bargain. If there is enough in the writing evidencing the sale or the creation of a lien on personal property to afford a key, which, aided by extrinsic evidence, will make certain that which is apparently uncertain, then the description is sufficient. *Arrendale* v. *Dockins,* 166 *Ga.* 62-66 (143 S. E. 570), and cit. This court will not go beyond the question as asked by the Court of Appeals. *Georgian Co.* v. *Jones,* 154

*Ga.* 762 (115 S. E. 490). This question confines itself to a unilateral and unaccepted offer to purchase personal property. This would seem to obviate the necessity of any further discussion as to the essentials prescribed by the Code, § 3318, in the matter of descriptive averments.

In response to division (a) of the second question we will say that the character of a conditional-sale agreement, carrying constructive notice upon its being properly recorded, is that of a binding contract evidencing within itself an agreement of purchase and sale, or, slightly varying the phraseology of the question, we reply to the question, that a conditional-sale agreement, carrying constructive notice upon being properly recorded, must evidence within itself an agreement of purchase and sale, and there must at least be enough in the writing to furnish a key which will open the investigation to parol evidence. Division (b) of the second question asks if the rule to the effect that the delivery and possession of specific property under a contract of purchase and sale is sufficient to indentify the property constituting the subject-matter of the sale, although it be but generally described in the instrument itself, has application where the instrument recorded constitutes but an offer to purchase, and consequently does not indicate that any property has been or will be delivered thereunder. In reply to this question, we answer that if the instrument recorded constitutes but an offer to purchase, and consequently does not indicate that any property has been or will be delivered, the rule that the delivery and possession of specific property under a contract to purchase and sell may be sufficient to identify the subject-matter of the sale, though it be but generally described in the instrument itself, has no application.

The third question is answered in the negative. In case of bona fide purchasers, the record of an unaccepted offer to buy a chattel, without more, would not be sufficient, as a matter of law, to put a purchaser upon inquiry so as to require him to investigate whether or not the offer as made had been accepted and a sale thereafter effected on the terms proposed by the offer.

*All the Justices concur.*