## 21293. NATIONAL CASH REGISTER COMPANY *v.* LIPKA.

322

*Neil & McGee*, for plaintiff. *George C. Palmer*, for defendant.

SUTTON, J. The plaintiff contends that the questions propounded by this court to the Supreme Court "were not altogether apt," in that they denominated the instrument involved in this case as "a unilateral and unaccepted offer." It is our opinion that the instrument recorded by the plaintiff was clearly "a unilateral and unaccepted offer," and this court correctly denominated it as such in the questions certified to the Supreme Court.

This instrument was addressed to the plaintiff, dated October 19, 1927, and contained this provision: "Please manufacture and ship" to the Feffer Jewelry Company at Columbus, Georgia, "one of your No. N2054 (7) 1C Registers Br. Mah. finish denomination of keys, see chart, for use in jewelry business, for which the undersigned agrees to pay," etc. The instrument contained a further clause by which the jewelry company agreed that the title to the register should remain in the seller until fully paid for. It was signed "Feffer Jewelry Company by Sidney Feffer," and witnessed by a person who probated the same before a notary public, and on November 18, 1927, the instrument was recorded. The recorded instrument itself contained nothing to indicate that a cash register of any description had been delivered to the jewelry company on or before October 19, 1927, or at the time of its record. However, on November 9, 1927, the plaintiff company sent a cash register to the jewelry company. The jewelry company became bankrupt before it had fully paid for the register, and the plaintiff company filed a claim with the trustee, setting up that it held the title to the register. Thereafter, without notice to the plaintiff company, the trustee sold the property, free of liens, to one Davis, who in turn sold the same to the defendant. The defendant had no actual knowledge or notice of the existence of the above instrument, neither did she know of the bankruptcy proceedings or that the Feffer Jewelry Company was the original purchaser of the register. The issue in this case arose by reason of an action in trover instituted by the plaintiff company against the defendant, and was

submitted to the judge on an agreed statement of facts for decision without the interventoin of a jury.

It will be seen that this instrument was an offer by this jewelry company to purchase one of a certain type of cash register, which on the date of its execution and probation, had not been completed by acceptance and delivery of the property. It did not appear from the recorded instrument that any delivery had ever been made. The question for decision was whether or not the record of such an instrument constituted notice to the defendant, and the Supreme Court has answered that it did not. The instrument in this case shows that the description was inadequate for this purpose, the offer being only for one of a. designated type of cash registers. The instruments involved in *Arrendale* v. *Dockins,* 166 *Ga.* 62 (143 S. E. 570), and in the cases cited and dealt with therein, were different from the instrument in this case. Therefore we are of the opinion that this court correctly denominated the instrument involved in this case as "a unilateral and unaccepted offer."

The question of whether or not this instrument was good as a conditional-sale agreement between the original purchaser, or one with notice, and the plaintiff company is not in this case.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*