### GEORGIA POWER CO. v. HAND.

### No. 7082.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1933.

Charles L. Gowen, of Brunswick, Ga., and Henry B. Troutman, of Atlanta, Ga., for appellant.

E. Way Highsmith, of Brunswick, Ga., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant made claim in the bankruptcy proceedings of Newman to electric refrigerating machinery which it had sold him by "retained title" contract. The claim was denied on the ground that though physically recorded, the recordation was ineffective because the instrument was not attested or acknowledged as required by law. Cunningham v. Cureton, 96 Ga. 489, 23 S. E. 420.

Appellant comes here relying on the Act of August 27, 1931, Georgia Laws of 1931, p. 153, and Donovan v. Simmons, 96 Ga. 340, 22 S. E. 966, as giving its lien validity except as against innocent purchasers for value. Conceding the ineffectiveness of the record, it insists that recordation is unnecessary to the validity of its lien not only as between it and the bankrupt, but as between it and involuntary lienors, including the trustee.

We think appellant is right. In Webb v. United-American Soda Fountain Co. (C. C. A.) 59 F.(2d) 329, we said so arguendo. In People's First National Bank v. Coe Manufacturing Co., 67 F.(2d) 312, just decided, we have, as one of the grounds of our decision, definitely held that the act applies to all forms of security instruments, including bills of sale. The reasons we there set down for the view we took need not be repeated here. The only difference between the Coe Case and this one as to the operation of the act is the immaterial one that though the contract there, as the one here, was executed before the passage of the act, in the Coe Case it was re-executed and re-recorded after its passage. It is not the time of the execution of the security instrument however, which is important under the Act of 1931. It is the time when, with reference to its passage, the involuntary lien creditor secured his lien. In this and in the Coe Case the involuntary liens were obtained after the effective date of the act. By its terms, "the effect of failure to record a mortgage or deed to secure debt or bill of sale shall be the same as is the effect of failure to record a deed of bargain and sale" (Laws Ga. 1931, p. 153). The Donovan Case settles it that such failure does not operate to postpone to judgment liens or adversely affect, except as to innocent purchasers for value, unrecorded deeds of bargain and sale.

This is a sound rule. It clearly comprehends the mischief which the recordation statutes were designed to meet, and fairly

and justly gives their remedial purpose effect.

In the Coe Case, the general purpose and effect of recordation statutes was considered. We affirm what we said there. The Act of 1931 gives to unrecorded contracts for security the status of unrecorded deeds. The trustee in bankruptcy is but an involuntary lienor. His claim is subordinate to appellant's contract lien. The judgment is reversed.