226 F.2d 942
 B. F. AVERY AND SONS COMPANY, Appellant,
v.
J. Alvan DAVIS, as Trustee in Bankruptcy of Alaga Tractor Company, a partnership composed of I. P. Hammond and F. H. Templeton, Bankrupt, Appellee.
 No. 15578.
 United States Court of Appeals Fifth Circuit.
 November 15, 1955.
 Rehearing Denied December 28, 1955.
 
 Leonard Farkas, Farkas, Landau & Davis, Albany, Ga., for appellant.
 Theo. J. McGee, William S. Cain, J. Madden Hatcher, Columbus, Ga., for appellee.
 Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.
 HUTCHESON, Chief Judge.
 
 
 1
 Brought by the trustee in bankruptcy of Alaga Tractor Company, a partnership composed of I. P. Hammond and F. H. Templeton, bankrupt, against Avery and Sons, a supplier of farm machinery and equipment, the suit had for its object the setting aside of a transfer made by the bankrupt to Avery within four months of bankruptcy in cancellation of the indebtedness due by it for farm machinery and equipment it had bought from Avery on credit. The claim was that the transfer was made within four months of bankruptcy and while the bankrupt was insolvent within the knowledge of Avery, and, therefore, was preferential and in fraud of creditors.
 
 
 2
 Avery's defenses were: (1) that there had been no preference because in selling the goods to the bankrupt it had retained, or equity had raised, a lien upon them, and, in repossessing them when the bankrupt failed to pay, it had merely retaken them under its lien; and (2) that if for any reason it had no valid lien, it was nevertheless entitled to rescind the sale and retake the goods because of the fraud of the bankrupt in purchasing the goods with knowledge of his insolvency and without disclosing this fact to Avery.
 
 
 3
 To hear and rule upon the issues thus joined, and to report to the court his findings of fact and conclusions of law, a special master was appointed. After a full hearing, he filed findings of fact[1] and conclusions of law,[2] and, on the basis thereof, recommended that plaintiff recover from the defendant $14,264.48, the value of property preferentially and fraudulently transferred to and converted by defendant to its own use, and, in addition, that the defendant be required to surrender and deliver to plaintiff certain property then in its possession which it had taken from the bankrupt. On objections of the defendant to the report of the special master, the findings and conclusions were approved, and the judgment recommended was entered, by the district judge.
 
 
 4
 Appealing from that judgment, appellant is here with many separate specifications attacking the findings and conclusions as erroneous and presenting under four propositions its reasons[3] why this is so.
 
 
 5
 Under these heads, appellant urges upon us that, because of its sale and delivery of the property to the bankrupt under the contract, the assets of the bankrupt were increased, an equitable lien was raised for its protection, and the general creditors would be unjustly enriched if they were allowed to take the property without discharging the lien.
 
 
 6
 It further insists that the contract entered into with the bankrupt and the delivery of goods thereunder effected a valid conditional sales contract in and by which it reserved the title to the goods until they were paid for, that, under Georgia law, the lien thus created was superior to the rights of a creditor with an involuntary lien, and, therefore, of the trustee, because a conditional sales contract under Georgia law is valid as between the parties and as against all liens except voluntary ones, whether recorded or not.
 
 
 7
 On its part, appellee, opposing these contentions and insisting that the appeal presents three questions[4] for decision, the first two requiring a negative, and the last an affirmative, answer, urges upon us that the findings of the master correctly set out the facts and his conclusions as correctly declare and apply the law to them, and for the reasons given therein the judgment should be affirmed.
 
 
 8
 Citing authorities[5] supporting his view, that prior to the 1931 Act[6] it was the uniform law of Georgia that judgment creditors took priority over unrecorded conditional sales contracts, appellant, insisting that the real heart of this case, in fact the controlling question in it, is whether a judgment creditor and the trustee who stands in his shoes still has such priority, and citing and quoting from cases[7] decided since, urges upon us, upon the authority of the cases he cites and quotes from, that the act of 1931 did not change the law in that respect and an unrecorded conditional sales contract, as here, is still subject to the claims of judgment creditors.
 
 
 9
 We agree with appellee that the facts were correctly found by the master and that, for the reasons hereafter briefly stated, the judgment entered on his recommendation must be affirmed.
 
 
 10
 Passing without deciding the first question, whether the contract was a valid contract of conditional sale, we agree with the master, the district judge, and appellee, that it was not entitled to record under the law of Georgia and that the rights of a subsequent judgment creditor and, therefore, of the trustee under Section 60 of the Bankrupt Act are superior to the rights of Avery under its contract.
 
 
 11
 It is true, as appellant points out, that this court did in three cases, Webb v. United American Soda Fountain Co., 5 Cir., 59 F.2d 329; Peoples First National Bank of Quitman v. Coe Mfg. Co., 5 Cir., 67 F.2d 312, and Georgia Power Co. v. Hand, 5 Cir., 67 F.2d 314, all decided before the decision in the Hearn case and other cases approving and following it, on which appellee relies, hold that the Act of August 27, 1931, placed liens reserved in conditional sales contracts though not mentioned in the act, in the same category as mortgages, and, therefore, protected the holder of such a lien, though not recorded, against judgment creditors.
 
 
 12
 It is equally true, however, that this court is bound to follow the law of Georgia as declared in the later cases, that a conditional sales contract which is not properly recorded is not valid against the rights of a subsequent creditor, and, therefore, to hold that appellant received a preferential transfer,[8] and that the judgment must be affirmed.
 
 
 13
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 As material to this decision, these were: B. F. Avery & Sons Company, the defendant, is a manufacturer of farm tractors and other farm machinery and implements
 On the 26th day of April, 1949, Alaga Tractor Co., the Bankrupt, and the Defendant, entered into a written contract, dated April 13, 1949, known as an Avery Dealer Contract, which was signed and acknowledged by I. P. Hammond on April 13, 1949, and approved and signed in Louisville, Ky. for Avery by Cullen and Newman on April 26, 1949, but the signatures of Cullen and Newman were not then or thereafter witnessed, attested or acknowledged before a Notary Public or any other officer authorized to take acknowledgments.
 Thereafter, said contract, executed as aforesaid, was filed for record on June 17, 1949, in the Office of the Clerk of the Superior Court of Muscogee County, Ga., and recorded in Deed Book 319, p. 53 in said office.
 In brief, the contract is an agreement wherein Avery constituted Alaga its dealer in Columbus, Ga., and agreed that if Alaga ordered machinery from Avery and Avery accepted such orders, it would sell and ship to Alaga machinery and equipment manufactured by it at its current list prices, subject to certain discounts, the terms of payment being cash on or before the first day of the same month after the month of shipment in the following year, provided that if Alaga sold any items of such machinery before the expiration of 12 months, that the purchase price of that item would be immediately due. The contract provided that Avery retained title to all machinery that might be thereafter sold and delivered until payment of the purchase price in full, and that nothing contained in the agreement could release the dealer from payment for all machinery ordered and delivered thereunder. The contract did not obligate Avery to sell or Alaga to buy, nor did it describe any property to which the contract had reference, and at the time of its execution the purchaser did not have possession or title to any property upon which the contract was to operate.
 On Feb. 10, 1950, defendant took from the bankrupt various articles of farm machinery and equipment of the value of $14,264.48, which had previously been sold and delivered by defendant to bankrupt, and of a neon sign and a promissory note.
 At that time Alaga, Hammond and Templeton were insolvent, and defendant through its agents, acting with reference thereto, then knew and had reasonable cause to believe that this was so.
 Also at that time Avery was a creditor of Alaga in the sum of $16,265.83, and the transfers were to and for the benefit of Avery, for or on account of an antecedent debt and in part payment of said antecedent debt.
 Bankrupt filed a voluntary petition in bankruptcy on Feb. 18, 1950, was on that date adjudicated bankrupt and said transfers were within four months before the filing of said bankruptcy petition, and if not set aside will enable the defendant to obtain a greater percentage of its debt than some other creditor of the same class.
 The Defendant knew approximately at all times from April 13, 1949 to Feb. 18, 1950, the financial condition of the bankrupt and knew that the farming machinery transferred to defendant on Feb. 10, 1950, was purchased from defendant during this period of time.
 On May 18, 1950, defendant filed its proof of unsecured claim in the bankruptcy proceeding of bankrupt, and in said claim the consideration of said debt was stated as "equipment not settled for in accordance with the terms of Avery Dealer Contract".
 Defendant converted the farming machinery and equipment it took from Bankrupt on Feb. 10, 1950, by selling the same to other companies. The reasonable value of the farming machinery and equipment so converted by defendant was $14,264.48.
 
 
 [2]
 As material here, these are:
 The Avery contract was a purported conditional sales contract, or retention of title contract, and not a mortgage or bill of sale to secure debt; nor was it a consignment, since payment was contemplated whether or not the property was sold by the bankrupt. See Exhibit "E" p. 3, Par. 8; Nadler, The Law of Bankruptcy, Sec. 3105; McKenzie v. Roper Wholesale Gro. Co., 9 Ga.App. 185, 70 S.E. 981.
 Section 60 of the Bankruptcy Act, as amended by the Act of March 18, 1950, 11 U.S.C.A. § 96, is the applicable law. Coin Machine Acceptance Corp. v. O'Donnell, 4 Cir., 1950, 192 F.2d 773.
 Prior to the transfer of the property on Feb. 10, 1950, and at the time of the transfer, any rights, title, lien or interest the Defendant may have had in the property so transferred, were inferior to the rights of the Plaintiff, whether the Plaintiff occupied the position of a bona fide purchaser or a judgment creditor of the Bankrupt; and, therefore, the transfer of the property was voidable under Sec. 60 of the Bankruptcy Act.
 Under the law of Georgia a valid judgment lien superior to Defendant's purported conditional sales contract could have been perfected within the four month period of bankruptcy upon the property transferred to defendant on Feb. 10, 1950. This is true for the following reasons:
 (a) The "contract" was not executed, attested and acknowledged in such a manner as to constitute notice to third parties, including judgment creditors. Ga. Code Ann. §§ 67-105, 67-111, 67-1302, 67-1402; Evans Motors of Georgia, Inc., v. Hearn, 53 Ga.App. 703, 186 S.E. 751; A. O. Blackmar v. National Cash Reg. Co., 64 Ga.App. 739, 14 S.E.2d 153. Cf. Bank of Ringgold v. West Pub. Co., 61 Ga.App. 426, 427, 6 S.E.2d 598.
 (b) The "contract" was an unaccepted offer as to third parties, including judgment creditors who might have intervened prior to Feb. 10, 1950, since the acceptance was not properly recordable; being an unaccepted offer as to third parties it is further invalid because: (a) it does not describe any specific property then owned by the bankrupt; (b) it does not describe any property to which bankrupt had a right to possession; (c) it does not describe any property in the possession of the bankrupt; (d) it does not show that any property was sold to the bankrupt; (e) it does not obligate the bankrupt to buy from defendant any specific property, and (f) it does not obligate defendant to sell any property to the bankrupt. See National Cash Register Co. v. Lipka, 176 Ga. 200, 167 S.E. 598; Cf. A. O. Blackmar v. National Cash Reg. Co., 60 Ga.App. 739, 14 S.E.2d 153.
 The defendant had knowledge of the financial condition of the bankrupt at the time of the purchase of the farming machinery later transferred to the defendant on Feb. 10, 1950, and the action of the bankrupt in purchasing the farming machinery did not constitute a fraud on the defendant.
 The defendant did not rescind the alleged contract between defendant and bankrupt, but at all times acted by virtue of and in accordance with the terms of the alleged contract between defendant and bankrupt.
 
 
 [3]
 (1) Rescission of the contract was effected when the property was repossessed:
 (2) Under Sec. 60 of the Bankruptcy Act, a preference arises only where there has been within the four months period a transfer of the bankrupt's property at a time prior to which the transaction would be vulnerable to creditors of the bankrupt, armed with a legal or equitable lien;
 (3) The law of the State of Georgia governs the validity of the contract here in issue and also the priorities with respect thereto; and
 (4) Under the law of the State of Georgia, the right of appellant is superior and prior to that of the trustee.
 
 
 [4]
 These are: (1) Is the Avery dealer contract a valid conditional sales contract under the law of Georgia? (2) Is the Avery dealer contract as executed and attested, entitled to record under the law of Georgia? (3) Are the rights of a subsequent judgment creditor superior to the rights of Avery, under its contract as recorded?
 
 
 [5]
 Derrick v. Pierce, 94 Ga. 466, 19 S.E. 246; Steen v. Harris, 81 Ga. 681, 8 S. E. 206; Harp v. Patapsco Guano Co., 99 Ga. 752, 27 S.E. 181; Saunders v. Citizens' First National Bank of Albany, 165 Ga. 558, 142 S.E. 127
 
 
 [6]
 "An Act to provide that mortgages and deeds to secure debt and bills of sale, executed within or without the State, may be attested in the same manner as is provided for deeds of bargain and sale, and to make the effect of failure to record a mortgage, deed to secure debt, or bill of sale to be the same as is the effect of failure to record a deed of bargain sale; to provide the effect to be given to deeds to secure debt or mortgages or bills of sale which have been recorded, where they have been executed out of the State in the manner applicable to deeds of bargain and sale, and to limit the time of making attacks thereupon; and for other purposes." Laws Ga.1931, p. 153
 
 
 [7]
 Evans Motors of Georgia, Inc., v. Hearn, 53 Ga.App. 703, 186 S.E. 751, cited approvingly in Massachusetts Mutual Life Ins. Co. v. Hirsch, 184 Ga. 636, 192 S.E. 435; Mackler v. Lahman, 196 Ga. 535, 27 S.E.2d 35; and other cases and never disapproved, and followed in Parham v. Heath, 90 Ga.App. 26, 81 S.E.2d 848; Refrigeration Appliances v. Atlanta Provision Co., 90 Ga.App. 821, 84 S.E.2d 602; and others
 
 
 [8]
 Cf. Tyler State Bank & Trust Co. v. Bullington, 5 Cir., 179 F.2d 755