## WOOD *v.* EVANS.

Where the purchaser of personalty took possession of the same,
giving to the seller a promissory note for the price, which was
signed by a third person as surety, upon a parol agreement be-
tween himself and the purchaser that the title to the property
should be in the surety until the note was paid, one who sold and
delivered goods to the purchaser upon the faith of the property
being his, with an understanding that the debt thus created
was to be secured by a mortgage upon the property, which was
subsequently given, was entitled to enforce the collection of
the mortgage by a sale of the property, as against a claim filed
by the surety, though the latter had been compelled to pay the
original purchase money note. This is true although the mort-
gage was not actually given until after knowledge by the mort-
gagee of the contract between the mortgagor and the surety, the
mortgagee having extended the credit, and having parted with
his goods upon the understanding mentioned, before receiving
such knowledge.

May 19, 1896. Argued at the last term.

Levy and claim. Before Judge Milner. Whitfield
superior court. April term, 1895.

*Maddox & Starr*, for plaintiff.
*Jesse A. Glenn* and *George G. Glenn*, contra.

Lumpkin, Justice.

An execution issued upon the foreclosure of a mortgage
in favor of Wood against Gunter was levied upon the mort-
gaged property, the same being a mule, which was claimed
by Evans. Upon the trial of the case, it appeared that
the mule had been sold and delivered by one Morris to
Gunter, who gave to Morris his promissory note for the
price of the mule, with Evans as surety thereon. There
was a cotemporaneous parol agreement between Evans and
Gunter, that the title to the mule should be in Evans until
the note was paid. Evans paid the note to Morris, and was
never reimbursed, in whole or in part, by Gunter. Wood
sold and delivered goods to Gunter upon the faith that the
mule belonged to him, and with an agreement that the debt

thus created was to be secured by a mortgage upon the mule, which was subsequently given—Wood, in the meantime, becoming informed of the parol agreement between Gunter and Evans, but having no knowledge or notice of the same at the time he extended credit to Gunter and parted with his goods.

These being the facts, the question was whether or not Wood was entitled to enforce the collection of his mortgage by a sale of the mule, as against the claim filed by Evans. The court charged the jury, that if Evans went Gunter's security for the purchase money of the mule, with the understanding that the title to the mule should be in Evans till the mule was paid for, and under this agreement Gunter took possession of the mule, and while thus in possession Wood extended to him credit on the faith of the property being his, and without notice of Evans' claim, but took the mortgage after he had notice of that claim, they should find the property not subject. The trial resulted in a verdict for the claimant.

We think this charge was not entirely accurate, and that the verdict was wrong. Evans either did, or did not, obtain title to the property. If he can be treated as having acquired the title, then the transaction amounted to a sale by Evans to Gunter, with a reservation of title in the former; and as the contract was not reduced to writing and recorded as required by section 1955(a) of the code, the reservation of title was not valid as against Wood. This section of the code does not declare that third persons must acquire a lien in order to be protected. If they honestly, and without notice of any want of title in the vendee, extend to him credit and part with property upon the faith of his apparent ownership, the parol reservation of title will not affect them at all. It appears here that Wood had actually sold and delivered his goods to Gunter and obtained his agreement to execute the mortgage subsequently given, in entire ignorance of the parol understand-

ing between him and Evans. The trial judge evidently entertained the opinion that because Wood knew of this understanding at the time of taking the mortgage, he would not be protected; but we cannot concur in this view.

If the title never passed into Evans at all—which really seems to be the better view of the case,—what occurred between him and Gunter amounted to no more than an effort to create a lien by parol in Evans' favor; and this, of course, would amount to nothing, as against the lien of Wood's mortgage.        *Judgment reversed.*