CASE 75—PETITION ORDINARY—JAN. 28.

## Eilke, &c., v. MGrath.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. INTOXICATING LIQUORS—SALE TO INEBRIATE—DAMAGES—NOTICE. —Before a cause of action arises under the provisions of section 3 of the act of March 6, 1878 (section 1307, Kentucky Statutes), that a liquor dealer shall be liable to a civil action for damages

for the sale of liquor to an inebriate after written notice forbidding such sale has been given him by the wife or relative of the inebriate, it is necessary that the licensed dealer should have received such notice. It is not sufficient that such notice is given to his clerk or assistant.

O'NEAL, PHELPS, PRYOR & SELLIGMAN FOR APPELLANTS.

1. The sale must be made by the saloon-keeper knowing the buyer to be an inebriate, and no such knowledge is brought home to appellants in this case. (Com. v. Bell, 14 Bush, 433.)

2. The uncontradicted evidence shows that there was no partnership, and that Wm. Eilke, Sr., had no interest in or connection with the business, and yet judgment was rendered against both upon the idea that they were partners.

3. The deposition of Herndon was improperly permitted to be read. At the time it was taken he was a resident of Louisville, but "expecting that he might go away. At the trial it was not shown that he had gone away or that he was not in the county, and there was no process whatever gotten out against him.

4. The party to be charged is under the statute entitled to written notice, and the instruction of the court that "if notice was given to one of the defendants and the other defendant was informed of its contents, or knew of it, that he was equally liable," was erroneous.

PHELPS & THUM OF COUNSEL ON SAME SIDE.

PIRTLE & TRABUE AND A. C. RUCKER FOR APPELLEE.

1. The jury passed upon the question as to whether the notice was given, and upon the question as to whether appellants were notified that McGrath was a "known inebriate," and those findings are supported by the evidence.

2. The evidence shows that Eilke, Sr., was interested in the business, and the instruction that notice to one of the appellants engaged in the business and concerning the business was notice to both, is proper. (Hepburn v. McDowell (Pa.), 17 Amer. Dec., 679.).

3. The deposition of Herndon shows that at the time it was given he was moving from Louisville and Jefferson county to reside permanently, and he was in contemplation of law then a resident of the place to which he was removing.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT:

Section 2, act March 6, 1878 (General Statutes, page 462; sec. 1307, Ky. Stats.), provides that it shall not be

lawful for any person having a license to sell spirituous, vinous or malt liquors by the drink or otherwise to sell, give or loan any such liquors or the mixture of either knowingly to any person who is an inebriate or in the habit of becoming intoxicated or drunk by the use of any of such liquors, or to suffer or permit any such person to drink any of such liquors or the mixture of either in his barroom, saloon, or in or upon any tenement or premises in his possession or under his control.   The one guilty of such offense is subject to a fine of $50.

Section 3 of same act (General Statutes, page 462), provides that in addition to such fine the person who shall violate any of the provisions of the second section of the act shall, together with his sureties on his bond, be liable to a civil action for damages by the wife, etc., of such inebriate; "provided, however, that the person so selling shall not be liable in civil actions to the wife, father or other relation unless written notice forbidding such sale has been given the person so selling prior to the offense complained of."

This action was brought by the appellee, wife of Thomas McGrath, under section 3, *supra*, against Wm. C. Eilke, Sr., and Wm. C. Eilke, Jr., The appellant, Wm. C. Eilke, Jr., had a license to retail liquors in South Louisville, and Wm. C. Eilke, Sr., father of Wm. C. Eilke, Jr., assisted in the sale of the liquors, and some of the testimony tending to prove that he devoted a considerable portion of his time to the business.  The testimony offered by

the defendants tended to prove that the father only attended to the business during the temporary absence of the son.

There was no evidence tending to show, nor is it claimed that a notice was served by Mrs. McGrath on Wm. C. Eilke, Jr., forbidding him to sell or give liquors to Thomas McGrath. The proof establishes the fact that a written notice was served on Wm. C. Eilke, Sr., by Mrs. McGrath, forbidding him to sell or give spirituous, vinous or malt liquors to her husband, who was an inebriate, and that after receiving the notice he sold and gave such liquors to the husband of appellee, and that her husband was frequently permitted to drink such liquors at the place in question.

The statute under consideration provides a penalty against a licensed liquor dealer for its violation and a civil remedy in addition thereto for certain relatives of the inebriate.

There is no evidence whatever tending to prove that William C. Eilke, Sr., had a license to sell liquors. As there was no written notice served upon William C. Eilke, Jr., the question is, was the service of the notice on Eilke, Sr., equivalent to serving it on him? We are of the opinion that it is not. Before the cause of action could arise for selling the liquor it was necessary that the person "so selling"—the one licensed—should have received written notice forbidding such sale.

It means that the notice must be served on the one who is authorized to carry on the business; not his

agents or employes who may assist in conducting it.

An entirely different question would be presented had the notice been served on William C. Eilke, Jr., and afterwards he permitted his father to conduct his business and while doing so sold the liquors in disregard of the notice to McGrath.

The statute is highly penal in nature, and to enable one to maintain an action under it, its requirements should be strictly pursued. In so far as the instructions which the court gave the jury are not in accord with the views herein expressed, they are erroneous.

The judgment is reversed, with directions that further proceedings conform to this opinion.