### In re MYERS.

(Circuit Court of Appeals, Seventh Circuit. April 21, 1913.)

#### No. 1,957.

BANKRUPTCY (§ 257*)—SALE OF PROPERTY BY TRUSTEE—MEDICAL PRACTICE.

The personal medical and surgical practice and good will of a bankrupt as a physician are not subject to sale by his trustee, although his property interest in a practice and good will purchased from another may be so sold.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 356, 357; Dec. Dig. § 257.*]

Petition to Review and Revise in Matters of Law an Order in Bankruptcy of the District Court of the United States for the Northern District of Illinois; Kenesaw M. Landis, Judge.

In the matter of Jacob Myers, bankrupt. On petition by the bankrupt to review and revise in matter of law an order of the District Court. Modified.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Morris G. Leonard and Emory J. Smith, both of Chicago, Ill., for petitioner.

Dwight D. Root, of Chicago, Ill., for respondent.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

PER CURIAM. The bankrupt petitions for review and revision of an order in bankruptcy directing sale by the trustee (among other matters) of "the medical and surgical practice and good will of said bankrupt, Jacob Myers, together with the leasehold interest of said bankrupt in and to the office formerly occupied by Dr. S. Lewin (one of the bankrupt's creditors), and now occupied by said bankrupt as a doctor's and surgeon's office." It appears that the bankrupt is a medical practitioner; that he purchased the location and good will of Dr. Lewin and was engaged in practice thereunder; and that his indebtedness to Dr. Lewin arose out of such purchase. The right of the trustee to take and sell whatever property interest may remain out of this purchase from Dr. Lewin is neither challenged nor questionable. But the terms of the order do not support the contention of counsel for the trustee that such property interest was intended by the above-mentioned provision thereof as the subject-matter of the sale. Whatever may have been the purpose, the "medical and surgical practice and good will of said bankrupt" are plainly specified as its subject-matter, and no doubt is entertainable that provision to that end is unauthorized. It comprises practice and good will attributable to the personality, reputation, or skill of the bankrupt, which is entirely of a personal nature and not subject to involuntary sale, for the benefit of creditors or otherwise. It goes without saying that patients of the bankrupt, either present or prospective, cannot be required to transfer their treatment or allegiance to another practitioner. So, the only force of the sale thus proposed would be to deprive the bankrupt of the exercise of his profession in any locality; and such deprivation is plainly unauthorized in the present proceedings.

The petitioner, therefore, is entitled to modification of the order of the District Court, to exclude the above-mentioned provision for sale of the "practice and good will of the bankrupt," and it is ordered that modification be made accordingly. The order may be amended, however, by the District Court, if so advised, to authorize the sale of any subsisting rights acquired by the bankrupt under his purchase from Dr. Lewin, and any outstanding accounts or credits which may be subject to sale, together with the leasehold interest described in the order.