## In re SAWILOWSKY.

(District Court, S. D. Florida. November 15, 1922.)

No. 2366.

1. Bankruptcy ⊂⊃143(1), 257—Property in trade-name passes to trustee and may be sold by him.

Where a bankrupt merchant conducted his business under a trade-name, if of value, the property in such name passed to his trustee, and together with such good will as appertains to the business may be sold with the stock of goods.

2. Bankruptcy ⊂⊃443—Bankrupt not entitled to review of order of referee confirming sale of property; "person interested."

A bankrupt is not a person interested, who is entitled to review of an order of the referee confirming a sale of property.

3. Bankruptcy ⊂⊃262(1)—Creditors cannot authorize private sale of property.

Creditors cannot authorize property of the estate to be sold at private sale.

In Bankruptcy. In the matter of Samuel Sawilowsky, bankrupt. On review of order of referee. Affirmed.

See, also, 284 Fed. 158.

Sabel & Reinstine, of Jacksonville, Fla., for bankrupt and petitioner.
Johnson & McIllvaine, of Jacksonville, Fla., for Thos. C. Sutker.
Marks, Marks & Holt, of Jacksonville, Fla., for trustee.

CALL, District Judge. This cause coming on to be heard upon the petition to review the order of the referee in bankruptcy approving the sale of the bankrupt's goods, three grounds of error are alleged:

I. The order is broader than the order of sale.

II. The order is not in accordance with advertisement.

III. Said order was beyond the scope of the Bankruptcy Act.

[1] The order of the referee, made September 27th, confirmed the sale of the "entire stock of merchandise and fixtures with the good will and trade-name of the above bankrupt." The order of sale described the property to be sold as the "entire stock of ladies', misses', and children's shoes, hosiery, findings, and store fixtures" of the bankrupt.

The objection of the bankrupt to the order is that the sale and confirmation order included the good will and trade-name "Children's Bootery." It is clear to my mind that the trade-name could have been disposed of by the bankrupt, and, if it was of any value, passed to the trustee upon his appointment. I do not think the case of In re Myers, 208 Fed. 407, 125 C. C. A. 569, applies to this case. I recognize the principle there decided.

[2] In the instant case, if the trade-name did pass to the trustee, there was no abandonment, and the cases bearing upon that question are not in point. In the instant case the trade-name and good will were appropriated and sold for the benefit of the creditors. As I have had occasion heretofore to point out (284 Fed. 158), the bankrupt, having parted with his property for the benefit of his creditors, can have

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

no interest in the method of the disposal of same, and is not a person interested, who can have a review of the order of the referee confirming a sale of same.

[3] Some reference was made in argument to rule 107 of this court, and it was sought to construe that rule to the effect that a private sale could be made by the trustee if the creditors at their first meeting authorized same. The rule is not susceptible of such a construction. In my judgment it means that creditors by such a resolution would waive the notice required by section 58 of the Bankruptcy Act (Comp. St. § 9642), where an order of sale was sought or confirmation thereof asked. The construction contended for would make the rule violate General Order XVIII (89 Fed. viii, 32 C. C. A. xx), and this I cannot believe Judge Locke intended when he promulgated the rule.

It was contended in argument that the good will could not be disposed of; that there was no good will appertaining to a bankrupt's business. This is probably true to a certain extent; but the good will mentioned in the order of the referee refers, and can only refer, to the right to use the trade-name and occupy the store formerly occupied by the bankrupt. In this sense there might be a good will, and this would pass to the trustee, and what I have said above in reference to the trade-name applies equally to this aspect of the good will.

The petition to revise will be denied. It will be so ordered.