27807. BUCHANAN *v.* GEORGIA ACCEPTANCE COMPANY.

DECIDED DECEMBER 1, 1939.   REHEARING DENIED DECEMBER 19, 1939.

*Talmadge, Fraser & Camp,* for plaintiff in error.
*McElreath, Scott, Duckworth & DuVall,* contra.

FELTON, J.  W. F. Buchanan had issued a distress warrant against L. J. Ennis in the sum of $60 in the municipal court of Atlanta, DeKalb section.  The warrant was levied on June 28, 1938, upon a certain Chevrolet automobile in the possession of L. J. Ennis, and as his property.  A claim to the automobile was filed July 1, 1938, by Georgia Acceptance Company claiming title to the automobile.  No counter-affidavit was filed by Ennis, and the distress warrant became final execution before the claim case was tried on August 2, 1939.  Upon the trial of the claim case the claimant introduced in evidence the original retention-title contract which contained a description of the Chevrolet automobile levied on under the distress warrant.  A photostatic copy of the original retention-title contract is in the record.  The contract showed that it had been executed on March 28, 1938, to Decatur Chevrolet Company in which this company retained title to the automobile.  The contract had been recorded in the office of the clerk of the superior court of DeKalb County on April 27, 1938, and the contract with the indebtedness thereunder had been transferred in writing to Georgia Acceptance Company for value received.  The plaintiff in execution, Buchanan, introduced in evidence a certified copy from

the office of the clerk of the superior court showing that this contract had been recorded on the clerk's records as having been signed by "R. J. Ennis," the certified copy being of the same book and page number on which the original retention-title contract showed that it had been recorded. On the back of the original contract appears the following: "Filed for record this 22 day of Apr. 1938." The trial judge held that the record of the contract in the name of "R. J. Ennis" was not notice of a contract executed by "L. J. Ennis," and found in favor of the plaintiff in execution in the distress-warrant proceeding. From this judgment Georgia Acceptance Company filed a petition for certiorari, which, upon being heard by the judge of the superior court of DeKalb County, was sustained. Buchanan filed his bill of exceptions on the ground that this judgment was contrary to law.

1. This case presents a novel and interesting question. The retention-title contract was signed by L. J. Ennis. In signing the contract Mr. Ennis signed his first initial "L" so that it looked more like an "R" than it did an "L." The clerk recorded the paper as if it had been signed by "R. J. Ennis" instead of recording it as if it had been signed by "L. J. Ennis." Since the passage of the act of 1889, p. 106, Code, § 67-2501, the owner and holder of a deed, mortgage, or conditional-sale contract (Code, § 67-1403), and other liens required by law to be recorded in the office of the clerk of the superior court, has been protected by the filing of his paper with the clerk of the court, whose duty it was to record the filing on a public docket required for that purpose. Improper record, or no record at all, has no effect on the efficacy of the filing. *Willie* v. *Hines-Yellon Lumber Co.*, 167 *Ga.* 883 (146 S. E. 901). It seems that Code, § 67-111, which was in our Codes before 1889, was necessarily repealed in so far as it conflicted with the act of 1889, Code, § 67-2501. The theory of the foregoing rule is that if any injury is done by a failure to record a paper, or by the improper recording of it, the clerk will be liable to the injured party for a breach of duty, and that the filing puts the world on notice as to the contents of papers filed for record, whether they are recorded or not. This law, however, can apply only where there is a *proper* filing of the paper to be recorded, and a filing under circumstances where an improper filing and indexing and an improper recording could be charged to be a breach of duty on the

part of the clerk. In this case a photostatic copy of the signature of the maker of the instrument is in this court as a part of the record. One not suspicious that the first initial was intended to be some other letter would unhesitatingly take it for an "R." After one who has seen the "R" knows it was meant for an "L" he can find the "L," so to speak. The trial judge was fully authorized to find that the paper was never properly filed with the clerk of the superior court. In the circumstances it was the duty of the owner of the paper to advise the clerk who was the maker. The finding was most assuredly authorized that there was no duty on the clerk to bring into question the plain and obvious initial which gave no clue within itself that there might be an ambiguity within it. There was no evidence as to how the paper was filed. The original showed it was filed for record and the inference is authorized that it was filed in the same name in which it was recorded. The instrument here was in effect never filed and never recorded, and under the law the lien acquired by law is superior to the prior contract title. *Evans Motors of Ga.* v. *Hearn,* 53 *Ga. App.* 703 (186 S. E. 751).

The judge of the superior court erred in sustaining the certiorari. *Judgment reversed. Stephens, P. J., and Sutton, J., concur.*

SUTTON, J., concurring specially. The Code declares: "The registration and record of conditional bills of sale shall be governed in all respects by the laws relating to the registration of mortgages on personal property, except that they must be recorded within 30 days from their date." § 67-1403. "A mortgage recorded in an improper office, or without due attestation or probate, or so defectively recorded as not to give notice to a prudent inquirer, shall not be held notice to subsequent bona fide purchasers or holders of younger liens. A mere formal mistake in the record shall not vitiate it." § 67-111. "Deeds, mortgages, and liens of all kinds, which are required by law to be recorded in the office of the clerk of the superior court, shall, as against the interests of third parties acting in good faith and without notice, who may have acquired a transfer or lien binding the same property, take effect only from the time they are filed for record in the clerk's office. The said clerk shall keep a docket for such filing, showing the day and hour thereof, which docket shall be open for examination and inspection as other records of his office." § 67-2501. The filing or

recording of the retention-title contract in the name of "R. J. Ennis" when it was signed by L. J. Ennis was such a defective filing or record as would not amount to notice to bona fide purchasers or holders of younger liens. Under the facts of this case, the lien of the distress warrant, though younger than the retention-title contract, took priority over the latter. Therefore the judge of the superior court erred in sustaining the certiorari.