## FIDELITY ACCEPTANCE CORPORATION v. W. G. HOUSE AND OTHERS.[1]

April 25, 1941.

No. 32,781.

*A. R. Segal* and *Max Rotenberg,* for appellant.
*G. Halvorson,* for respondent.

STONE, JUSTICE.

Replevin for an automobile resulting in judgment for plaintiff. Defendant Albert Moline appeals.

The machine was sold originally by plaintiff's assignor to one "W. G. Hause" under a conditional sales contract. That was in 1938. The contract, as recorded and indexed in the office of the city clerk of Minneapolis, made the vendee's name appear "W. G. House." In 1939, under a judgment, appellant levied on the automobile as property of the vendee. Plaintiff promptly asserted its claim and brought this action to secure possession for the purpose of foreclosing its conditional sales contract.

It was found as fact below that the names "House" and "Hause" were *idem sonans* so that the record was constructive notice to appellant. 2 Mason Minn. St. 1927, § 8348. That is the determinative issue. The record (there is no settled case or bill of exceptions) discloses no reason for reversal.

We have no doubt that the doctrine of *idem sonans* has application to names appearing upon public records, 45 C. J. p. 390, and

[1]Reported in 297 N. W. 705.

that within any application of that doctrine the present case must be included. 45 C. J. p. 383; Macomber v. Kinney, 114 Minn. 146, 128 N. W. 1001, affirmed on reargument, 130 N. W. 851; State v. Provencher, 129 Minn. 409, 152 N. W. 775. The identity of pronunciation and close similarity of the correct to the recorded spelling of the vendee's name are important. So also is the fact that, on the record, the correct and identifying initials, "W. G.," appeared. In contrast, see Buchanan v. Georgia Acceptance Co. 61 Ga. App. 476, 6 S. E. (2d) 162.

Judgment affirmed.