WILLIAM A. LAWIN, *d. b. a.* LAWIN AGENCY, v.
EARL J. PEPE AND ANOTHER.
CITIZENS LOAN & INVESTMENT COMPANY,
RESPONDENT.[1]

August 11, 1950.

No. 35,178.

*King & Fenske,* for appellant.
*Quigley, Quigley & Murphy,* for respondent.

[1]Reported in 43 N. W. (2d) 804.

MATSON, JUSTICE.

Plaintiff appeals from a judgment in a replevin action.

On October 12, 1948, Howard Gilson, an auto salesman from St. Paul, who was then in possession of a Buick automobile and the registration card thereto pertaining, which bore the notarized signature of the registered owner, P. J. Delaney, as vendor, called on defendant Earl J. Pepe and Dorothea A. Hoefer (Dorothea was the wife of Earl but was still using her maiden name) of Osakis. Pursuant to a sale then made, Gilson delivered possession of the Buick and the registration card, which was then completed to show Dorothea A. Hoefer as the purchaser. In payment, he received from Earl two checks totaling $3,050, which were returned for nonpayment.

Earl was urged to make the checks good. On October 26, Earl and Dorothea went to see plaintiff, who, in connection with his insurance and real estate business at Long Prairie, occasionally made loans on automobiles. Plaintiff agreed to provide the necessary financing. A conditional sales contract form, consisting of an original white and a pink duplicate copy, was filled in to show that the payments were to be made at plaintiff's office. Earl J. Pepe signed both copies as the purchaser. A third party signed as a witness. Dorothea made no transfer of the automobile to plaintiff by registration card, bill of sale, or otherwise. Without further ado, plaintiff issued a check for $2,000 payable to Earle J. Pepe and Howard Gilson. The next day, October 27, 1948, the pink duplicate of the purported conditional sales contract, which had only the signature of Earle J. Pepe as purchaser, was filed with the register of deeds for Douglas county. On the same day, plaintiff wrote Gilson a letter announcing that the check was enclosed and stating:

"I understand there is a *mortgage* on the car. I trust that you will release it as *we are taking one for the amount* we have financed." (Italics supplied.)

Before the letter was mailed that day, Gilson appeared in person at plaintiff's office, where he was given both the check and the letter,

and at that time he signed his name to the original white copy of the sales contract as the *seller*. Plaintiff, then thinking he ought to have the signature of Dorothea, went to Osakis and had her sign the white copy directly beneath Earl's signature. Plaintiff then affixed his own signature as an additional witness. On October 30 at 9 a. m., the original white copy was also filed with the register of deeds for Douglas county.

In the meantime, Earl and Dorothea apparently thought that the Buick might be productive of additional loans. On October 28, 1948, accompanied and aided by Gilson, they went to St. Cloud and, without disclosing their transaction with plaintiff, obtained from defendant Citizens Loan & Investment Company a loan of $2,110 secured by a chattel mortgage, which, after proper execution, was filed with the register of deeds for Douglas county on October 30 at 9 a. m. In obtaining this loan, the registration card showing that the Buick had been transferred by Delaney to Dorothea Hoefer was exhibited.

It is to be noted that both the chattel mortgage and the white original copy of the conditional sales contract form, according to the recording officer's certification stamped on each instrument, were filed on the same day at the same hour. The purported sales contract, however, bears a lower document or recording number.

On November 23, 1948, Dorothea, as Dorothea A. Hoefer, apparently to obtain a satisfaction of the chattel mortgage loan, executed and delivered to defendant Citizens Loan & Investment Company a bill of sale to the Buick. In an action of replevin brought by plaintiff, the trial court found the Citizens Loan & Investment Company to be the owner of the Buick, and that plaintiff had acquired no lien upon or title to the same. Plaintiff appeals from the judgment.

It is unnecessary to determine whether the written instrument upon which plaintiff made his loan is a conditional sales contract or a chattel mortgage. If it was entitled to be recorded so as not to be void—and so as to constitute constructive notice—as to subsequent purchasers or mortgagees, it must have been filed as a conditional sales contract pursuant to M. S. A. 511.18. The

filing of a defectively executed instrument does not operate as constructive notice if the defect appears on the face of the instrument. 1 Dunnell, Dig. & Supp. § 1445. The pink copy which was filed on October 27, 1948, was defective on its face, in that it did not give the name of the *seller*. It referred to an *undersigned seller*, but it had only the signatures and names of the alleged purchaser and of a witness. True, it was *payable at the offices of the Lawin Agency,* but to be payable at certain offices does not identify with reasonable certainty any particular person or vendee. Any one of a number of persons might be the intended recipient of payments made at a real estate and investment office. It would have been otherwise had it been payable *to* the *seller* by name or if the plaintiff's name had appeared thereon as seller by signature or otherwise. It is true that § 511.18 requires that the copy presented for record need only be signed by the purchaser, but obviously a copy to be eligible for effective record must be substantially complete. An instrument which omits the name of one of the essential parties is defective on its face, in that it negatives the execution of any contract. It takes more than one party to make a contract. Furthermore, § 511.06 imposes upon the recording officer the positive duty of maintaining an index book in which each instrument filed must be entered under the respective names of *both* the mortgagee and the mortgagor or the vendor and the vendee. The purpose of this statute is wholly defeated if an effective recording of a contract may be made by a copy which does not give the names of both parties. Constructive notice is not imparted to subsequent purchasers and mortgagees by a recorded conditional sales contract or a chattel mortgage which is so carelessly and improperly drawn that it fails to give or identify with reasonable certainty the names of both the vendee and the vendor or of both the mortgagee and the mortgagor. (See and cf. Livingston & Schaller v. Stevens, 122 Iowa 62, 94 N. W. 925.) Statutes providing for the recordation of conditional sales contracts and chattel mortgages are designed to protect good faith subsequent purchasers and mortgagees and should be strictly construed to

effect this purpose.[2] The burden of filing a legally sufficient copy of a conditional sales contract or of a chattel mortgage rests upon the vendor or the mortgagee, as the case may be. Cf. Union Stockyards Bank v. Hamilton (6 Cir.) 246 F. 580, 158 C. C. A. 550, and see 14 C. J. S., Chattel Mortgages, § 159.

Aside from the defect upon the face of the pink copy as to the designation of the *seller,* the *purchaser's* name appeared by signature as Earle J. Pepe. The notarized registration card which was exhibited to the subsequent mortgagee was prima facie evidence that Dorothea A. Hoefer (Pepe), as the transferee thereon, owned the Buick. Holmes v. Lilygren Motor Co. Inc. 201 Minn. 44, 275 N. W. 416; Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582. Although there was a conflict in evidence as to whose name did then appear on the registration card as the transferee, that conflict has been resolved by the findings of the trial court. Under the circumstances, there is a serious question, even if the pink copy had been otherwise complete, whether such copy when recorded, in the light of the evidence, would have imparted constructive notice, in that no encumbrance appeared of record in the name of the prima facie owner. The name of the husband is not here so identified with that of his wife—under the doctrine of *idem sonans* or otherwise—that the record constituted constructive notice to a subsequent mortgagee. See, Fidelity Acceptance Corp. v. House, 210 Minn. 220, 297 N. W. 705.

When we come to the original white copy, which was apparently filed on the same day and hour as the chattel mortgage, we have an instrument whose express terms prevent it under any theory from being held to have given defendant Citizens Loan & Investment Company constructive notice of plaintiff's prior rights. If we assume that it was entitled to priority of record by reason of its lower document or recording number (see, § 386.31; Connecticut Mut. L. Ins. Co. v. King, 72 Minn. 287, 75 N. W. 376), we still can-

---

[2]See, Massey-Harris Harv. Co. Inc. v. Moorhead Farmers Elev. Co. 176 Minn. 90, 222 N. W. 571; Malott v. General Machinery Co. 19 Wash. (2d) 62, 141 P. (2d) 146; York Ice Machinery Corp. v. Kearney, 344 Pa. 659, 25 A. (2d) 179, 141 A. L. R. 1280.

not overlook the fact that as completed it expressly designated the two Pepes as the *purchasers* and H. Gilson as the *seller*. In other words, by its express terms it gave record notice that a certain person *other than the plaintiff* was the actual *seller*. From the standpoint of constructive notice arising by law from the record, the only person who could complain was Gilson. Obviously, Gilson has no complaint, and could not very well have one, in that he was an active and direct participant in persuading the Citizens Loan & Investment Company to accept a chattel mortgage upon the innocent Buick as security for its loan. No effect can be given to the printed assignment form which follows the conditional sales contract on the original white copy. Although the name of the Lawin Agency (with the name of the plaintiff also appearing) has been inserted therein as the assignee, such assignment form was never signed or in any manner executed by any of the parties. Furthermore, Minnesota statutes neither require the filing of assignments of chattel mortgages and conditional sales contracts nor give any effect to the filing thereof. See, Federal Land Bank v. Smaagaard, 192 Minn. 21, 25, 256 N. W. 102, 103-104; 16 Minn. L. Rev. 689, 696-699; 24 Minn. L. Rev. 832, 851.

The judgment of the trial court is affirmed.

Affirmed.

MR. JUSTICE CHRISTIANSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.