**In re SETTEM.**
**No. 4274.**

United States District Court
D. Minnesota, Third Division.

Feb. 18, 1954.

Bruce B. James, Minneapolis, Minn., for petitioner.

Frank E. Morse, Mankato, Minn., for trustee.

DONOVAN, District Judge.

Glen Warren Settem, bankrupt (hereinafter referred to as petitioner), seeks review of an Order of the Referee in Bankruptcy dated December 14, 1953, ordering the bankrupt to turn over to the trustee one 1950 Buick automobile valued at $800.

Following the filing of a voluntary petition in bankruptcy on June 4, 1952, petitioner was adjudged a bankrupt, and a trustee was appointed. The trustee subsequent thereto petitioned the Referee for an order to show cause why the bankrupt should not be required to turn over to the trustee said automobile. This matter came on for hearing before the Referee on December 10, 1953. Petitioner was not represented by counsel. The facts disclosed at that hearing having to do with the issue now before this Court are substantially as follows:

On July 17, 1950, the petitioner purchased a 1950 Buick automobile for $3,-000. In connection therewith the buyer was given a credit of $1,300 for a trade-in. The balance of $1,700 was paid in cash advanced by one John Johnson, a friend of petitioner. Title was regis-

tered in Johnson's name in the office of the Secretary of State on or about the time of purchase. Evidence was adduced to show that title was registered in Johnson's name to secure the indebtedness. There was also evidence of written agreement between Johnson and petitioner which petitioner at the hearing described as "some sort of chattel mortgage." Nothing was filed of record. The issuance of the title registration card to Johnson is undisputed. The automobile was not listed in the schedules of the petition filed on June 4, 1952.

The Referee found, among other things, that Johnson had no mortgage or lien on said automobile and therefore concluded that he had no interest therein at the time of the filing of the petition, and in accordance therewith made the order which now comes before this Court on bankrupt's petition for review thereof.

Petitioner, conceding that notice of the relationship between Johnson and the bankrupt must be notice to all the world before the trustee can be so charged therewith (because such a trustee enjoys the status of a perfect creditor), contends that the filing of the alleged owner's certificate of registration made it necessary for the trustee to investigate the relationship between Johnson and petitioner with respect thereto. To arrive at this conclusion, petitioner classifies the transaction as in the nature of a conditional sale. In brief, petitioner seeks to justify and excuse his failure to comply with the recording acts by his assertion that filing of the registration card was sufficient notice to the trustee,

and incidentally did not invalidate the claimed conditional sale.[1]

The trustee contends that petitioner is not a proper party to this proceeding, inasmuch as he is not a creditor. Further, that this matter is in the nature of an equitable proceeding and petitioner, seeking relief in equity, must first do equity. He should not be seeking equitable relief in the instant case because of his failure to schedule the automobile in his voluntary petition to be declared a bankrupt. In addition, the trustee argues that the issuance of the certificate of registration is no notice of the claimed interest of petitioner.

Petitioner's right to a review is somewhat doubtful, for he has parted with his property rights for the benefit of his creditors, and retains no interest therein. The property in the bankrupt estate has passed to petitioner's trustee.[2] On the other hand, if at the time of the filing of the voluntary petition in bankruptcy the property was subject to a valid conditional sales contract of which the trustee had actual or constructive notice, then any evidence tending to prove the existence of a security interest in petitioner, and which he contends is something in the nature of a conditional sales contract, merits consideration.[3]

■■ The validity and construction of a conditional sales contract, such as here in question, must be determined by the substantive law of Minnesota.[4] Where the evidence is not reported and the reviewing court is without a transcript of the proceeding, the findings of fact of the Referee are conclusive, unless manifestly erroneous.[5] Petitioner

1. 29 M.S.A. § 511.18, Subdivision 1, provides as follows:

"Void as to creditors unless filed. Every promissory note or contract of sale, conditioned that the title to the property for or on account of which the same was given shall remain in the vendor, shall be void as to creditors of the vendee and subsequent purchasers and mortgagees of such property in good faith, unless the note or contract, or a copy thereof, or if the contract be oral, a memorandum, signed by the purchaser and expressing its terms and conditions, be filed as in the case of a chattel mortgage."

2. In re Sawilowsky, D.C.Fla., 284 F. 975.

3. In re Barnett, 2 Cir., 124 F.2d 1005.

4. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; In re Pointer Brewing Co., 8 Cir., 105 F.2d 478.

5. In re Burntside Lodge, D.C.Minn., 7 F. Supp. 785.

has furnished no transcript; hence resort must be made to the file barren of transcribed testimony and record of the evidence other than said findings.

 From an examination of the full and complete findings of the Referee, it is obvious that he gave the issues involved careful and considerate attention as to all matters presented during the hearing, at which petitioner saw fit not to be represented by counsel. If the evidence adduced by the trustee seems not to have been adequately rebutted, suffice it to say that it is now too late to supply or add what is lacking in that respect.

On this review, the principal point made by petitioner is directed at the Referee's finding and conclusion that Johnson had no right, title, lien or interest in and to said Buick automobile, as against the claim of the trustee. The recording acts are for the protection of its beneficiaries. The instant case has to do with what is characterized as a "secret lien,"[6] with reference to which the trustee cannot be said to have had actual notice.[7]

Petitioner next contends that, absent actual notice, the trustee had constructive notice for the alleged reason that the sale of the automobile is claimed to have been conditional. This argument by petitioner is not persuasive, because at best the described conditional sale was defective and, under such circumstances, even if it were filed with the necessary recording officer, it would not constitute constructive notice.[8] Nor is an automobile registration card a conditional sales contract, qualified for filing so as to protect the claimant to such a lien or interest in the property named therein. It is issued by and filed with the Secretary of State, who is not the recording officer designated by law. The contents of the file before the Court on this review are not convincing of petitioner's claim that the automobile is subject to a conditional sales contract, of which the trustee had actual or constructive notice. The relationship between the bankrupt and his friend Johnson has all the earmarks of debtor and creditor only.

From the foregoing it must be held that without actual or constructive notice, title to the automobile in question became vested in the trustee.[9]

The findings of fact, conclusions of law and order of the Referee herein are in all things adopted and affirmed.

It is so ordered.

Petitioner may have an exception.

---

6. In re Brownsville Brewing Co., 3 Cir., 117 F.2d 463.

7. The lack of actual knowledge on the part of the trustee distinguishes the instant case from Holt Motor Co. v. R. C. A. etc. Inc., 196 Minn. 527, 265 N.W. 313, relied on by petitioner.

8. Lawin v. Pepe, 231 Minn. 561, 43 N.W.2d 804.

9. In re Massachusetts Motors Co., Inc., D. C.Mass., 294 F. 98.