35157. REFRIGERATION-APPLIANCES, INC. *v.* ATLANTA PROVISION CO. *et al.*

Decided October 14, 1954.

*Haas, Holland & Blackshear, Joseph F. Haas,* for plaintiff in error.

*Troutman, Sams, Schroder & Lockerman, D. W. Rolader, Henry B. Smith, M. L. Kahn, W. Harvey Armistead, A. A. Baumstark, John W. Wilcox, Jr., Assistant Attorney-General,* contra.

NICHOLS, J. It does not appear that the title-retention contract was ever recorded. "The registration and record of conditional bills of sale shall be governed in all respects by the laws relating to the registration of mortgages on personal property, except that they must be filed for record within thirty days from their date." Code § 67-1403, as amended (Ga. L. 1952, p. 88). "The effect of failure to record a mortgage shall be the same as

is the effect of failure to record a deed of bargain and sale."
§ 67-109.

In construing these sections, it was held in *Evans Motors of
Georgia* v. *Hearn*, 53 *Ga. App.* 703 (186 S. E. 751): "The act of
August 27, 1931 (Ga. L. 1931, p. 153; Code of 1933, §§ 67-109,
67-1305), providing that the effect of a failure to record a mort-
gage or bill of sale or deed to secure debt 'shall be the same as
is the effect of failure to record a deed of bargain and sale,' so
changes the prior law with reference to those securities as to ren-
der such instruments, even though unrecorded, superior in rank
to subsequent liens created by law. However, the act does not
expressly or impliedly change the prior law with regard to con-
tracts of conditional sale. The Code of 1933, §§ 67-1401 to
67-1403, inclusive, contains, without any substantial change, the
provisions of the Code of 1910, §§ 3318 and 3319, and earlier
Codes, relative to such contracts. Therefore the settled rule
of priority in favor of a holder of a lien created by law, which
prevailed under prior statutes, will still control in a contest
between such a lienholder and a vendor in an unrecorded con-
tract of conditional sale." This ruling has been followed in
*Allen* v. *Dickey*, 54 *Ga. App.* 451 (188 S. E. 273), in *Rhodes* v.
*Jones*, 55 *Ga. App.* 803 (191 S. E. 503), and in *Buchanan* v.
*Georgia Acceptance Co.*, 61 *Ga. App.* 476 (6 S. E. 2d 162). The
legislature amended Code § 67-1403 in 1952 (Ga. L. 1952, p. 88),
so as to require that conditional bills of sale be "filed for record"
instead of "recorded" within thirty days from their date, but the
section has not been changed otherwise, and this is at least tacit
approval of this court's construction of the act of 1931 and its
effect. We refuse to overrule the *Evans Motors* case. The un-
recorded reservation of title in Refrigeration-Appliances does
not have priority over the lien of the State for sales and use
taxes. See *State* v. *Atlanta Provision Co.*, supra, *Carroll* v.
*Richards*, 50 *Ga. App.* 272 (178 S. E. 178).

It does not appear, nor is it contended, that Rosenberg's other
creditors had obtained judgments against him, or that they were
misled to extend him credit by Refrigeration-Appliances' failure
to record its conditional-sale contract. Such a contract, unre-
corded, will be postponed to liens obtained or bona fide purchases
made after its execution, but not to creditors without a lien.

*Rhode Island Locomotive Works* v. *Empire Lumber Co.,* 91 *Ga.* 639 (17 S. E. 1012); *Cottrell* v. *Merchants & Mechanics Bank,* 89 *Ga.* 508 (15 S. E. 944). See also *Wood* v. *Evans,* 98 *Ga.* 454 (25 S. E. 559).

The court erred in relegating Refrigeration-Appliances to the rank of a general creditor with respect to the funds arising from the sale of the property described in its unrecorded contract of conditional sale. This creditor was entitled to priority except over the lien of the State for sales and use taxes.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*